UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

BARBARA BRYANT,
        Petitioner,

v.                                     No. 2:16-mc-00205

CITY OF PHILADELPHIA,
        Respondent.

### MEMORANDUM OPINION

**Emergency Demand for Specific Performance, ECF No. 4 – Denied**

**Joseph F. Leeson, Jr.**                                                     **December 16, 2016**
**United States District Judge**

      Petitioner Barbara Bryant, acting pro se, commenced this action by filing a "Petition to Compel Lower Court to Uphold Constitution and Stay Tax Sale." *See* ECF No. 1. She claims that the Court of Common Pleas of Philadelphia County, Pennsylvania, authorized a tax sale of a parcel of property because of unpaid property taxes, and she asks this Court to reverse that decision. *See* Pet. ¶¶ 1, 7, 11.

      On November 22, 2016, Bryant filed an "Emergency Demand for Specific Performance to Compel Inferior Court to Uphold Constitution and Reverse Unlawful Tax Sale in Violation of Federal Law Title 15 usc 1692 G and 11th Amendment." ECF No. 2. In her Demand, Bryant reported that the tax sale took place on November 2, 2016, and she asked this Court to "reverse . . . the inferior trail [sic] court" and order the return of her property. *Id.* ¶¶ 7, 11.

      That same day, this Court issued an order denying Bryant's request for emergency relief. ECF No. 3. The Court first pointed out that it appeared that Bryant had not properly served her original Petition or her Emergency Demand on the City of Philadelphia, and no one had yet to appear on the City's behalf.[1] The Court then explained that while it is possible to grant emergency relief without notice to the adverse party, doing so here was not appropriate because the Court does not have the power to reverse the Court of Common Pleas, and because the two

---

[1] While Bryant commenced this action by filing a document she called a "Petition" (which likely explains why the Clerk of Court assigned this case a miscellaneous case number), it is a complaint in all but name, *see* Fed. R. Civ. P. 8(a) (describing the contents of any pleading that states a claim for relief); Fed. R. Civ. P. 7(a) (providing that there are generally only two types of pleadings—a complaint and an answer), which means that it needed to be served in accordance with Federal Rule of Civil Procedure 4.

1

claims Bryant raised—under the Fair Debt Collection Practices Act and the Eleventh Amendment—likely do not have merit.

Later that day, Bryant filed an amended version of her Emergency Demand for Specific Performance. ECF No. 4 [hereinafter Amended Demand]. This version is the same as the previous one but for the addition of three handwritten certificates of service at the end of the document, which appear to indicate that Bryant served a copy of the Demand on two individuals (one of the three apparently refused service). Bryant also wrote the names of these three individuals into the caption on the first page, above the City of Philadelphia. Otherwise, the document is unchanged.

With no change to its substance, Bryant's Amended Demand is denied for the same reasons as the original. Chief among those is the fact that the Court does not have the authority to afford Bryant the relief she seeks. She is unhappy with the decision of the Court of Common Pleas to order a tax sale of her property (over the objections she raised at a hearing the court held[2]), and the sole relief she seeks in both her Petition and her Amended Demand is for this Court to "reverse the decision of the trail [sic] court for lack of jurisdiction and jurisprudence with prejudice." *See* Pet. ¶ 11; Amended Demand ¶ 11. As the Court explained in its previous order, this Court does not have the power to grant Bryant this relief because this Court is a United States District Court (a federal court), while the Court of Common Pleas is a state court, and "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Walker v. York Cty. Tax Claim Bureau*, 396 F. App'x 783, 784 n.2 (3d Cir. 2010) (per curiam) ("To the extent that Walker challenges the judicial sale [of his home]—an argument that was already unsuccessful in state court—the *Rooker–Feldman* doctrine bars lower federal court review."). The proper way for Bryant to challenge the decision of the Court of Common Pleas is to appeal that ruling in the Pennsylvania courts, not to seek relief from a federal court.

This conclusion compels the Court to not only deny Bryant's Amended Demand, but also dismiss her Petition. "[A] district court is precluded from entertaining an action, that is, the federal court lacks subject matter jurisdiction, if the relief requested effectively would reverse a state court decision or void its ruling." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006) (citing *Whiteford v. Reed*, 155 F.3d 671, 674 (3d Cir. 1998)). Bryant is not asking for relief that would merely have the effect of reversing a state court decision—she is expressly asking this Court to sit as a state appeals court and reverse the Court of Common Pleas. This Court is without jurisdiction to entertain such an action. *See Pettigrew v. Deutche Bank Nat'l Tr. Co.*, No. 07-60, 2007 WL 76660, at *2-3 (D.N.J. Jan. 8, 2007) (denying a request for temporary injunctive relief and dismissing a complaint that asked the court to reverse an order of foreclosure issued by a state court).

A separate order denying Bryant's Amended Demand and dismissing this case follows.

---

2   *See* Amended Demand ¶ 7.